FILED
United States Court of Appeals
Tenth Circuit

August 20, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENEMTH CIRCUIT

CHRISTOPHER M. DICKENS,

Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

Respondent-Appellee.

No. 09-5049

Northern District of Oklahoma

(D.C. No. 4:06-CV-00065-CVE-FHM)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

Christopher M. Dickens, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Dickens has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

Mr. Dickens was convicted of robbery with a firearm (Count I) and first degree (felony) murder (Count II), when police shot and killed his partner in crime during the commission of an armed robbery at a McDonalds. At sentencing, the trial court dismissed Count I and sentenced Mr. Dickens to life imprisonment on Count II. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed the conviction on direct appeal. *Dickens v. State*, 106 P.3d 599, 601 (Okla. Crim. App. 2005).

Mr. Dickens filed a petition for federal habeas relief in the United States District Court for the Northern District of Oklahoma. [Dist. Ct. Op. 3] The district court denied his petition. [Dist. Ct. Op. 14] The district court then denied COA, but vacated the denial and granted him additional time to file an application for COA. Apparently, Mr. Dickens did submit an application for COA; because it was captioned as a Tenth Circuit filing, however, the application was forwarded to this court. Because the district court vacated its denial of COA but never issued a subsequent ruling, Mr. Dickens' COA application in the district court is deemed denied. *See* 10th Cir. R. 22.1(C) ("Failure of the district court to issue a certificate of appealability within thirty days of filing the notice of appeal shall be deemed a denial."). We now consider the merits of his COA application.

Mr. Dickens raises the following six claims in his application, all of which were raised on direct appeal and in his federal habeas petition: (1) insufficient

evidence exists to support his conviction; (2) he should not be imprisoned for a lawful killing that has been classified as a "justifiable homicide"; (3) by holding him strictly liable, Oklahoma's felony murder statute violates the Eighth and Fourteenth Amendments; (4) the court issued a defective felony murder jury instruction; (5) the court improperly denied his proposed jury instruction on intervening cause; and (6) the prosecutor engaged in misconduct. Aplt. 2–3.

**Discussion**

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Although Mr. Dickens need not demonstrate that his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).

Having undertaken a review of Mr. Dickens's application for a COA and appellate filings, the district court's order, and the entire record on appeal

pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes he is not entitled to a COA. The district court's resolution of the issues raised in Mr. Dickens's § 2254 motion is not reasonably subject to debate and, therefore, his claims do not merit further proceedings.

## Conclusion

Accordingly, we **DENY** Mr. Dickens's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge